In the Matter of the Probate of the Last Will and Testament of FLORENCE J. CISZEK, Deceased.— Motion held to September term and respective parties are directed to file briefs on the motion within thirty days.

In the Matter of the Application of HENRY P. STAMLER for a Writ of Peremptory Mandamus against GRAPHIC ARTS COMPANY, etc.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs.

In the Matter of the Estate of LUCY ELIZABETH POWELL, Deceased.— Motion for reargument denied, with ten dollars costs.

MARGARET E. REMINGTON, Respondent, v. WILLIAM H. BARRETT, as President of ADAMS EXPRESS COMPANY, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to Court of Appeals denied.

---

THIRD DEPARTMENT, SEPTEMBER, 1921.

MAE E. MOORE, Respondent, v. GILMAN P. TIFFANY, Appellant.

*Witnesses — impeachment — excessive damages.*

Appeal from a judgment of the Supreme Court in favor of the plaintiff, entered in the Schenectady county clerk's office October 19, 1920, upon the verdict of a jury for $10,000, and also from an order entered October 22, 1920, denying a motion for a new trial made upon the minutes; also an appeal from an order entered in said clerk's office August 4, 1921, denying the defendant's motion for a new trial on the ground of newly-discovered evidence.

The action was brought to recover damages for personal injuries sustained by the plaintiff while a passenger in an automobile owned and operated by the defendant, due to defendant's alleged negligence and the turning over of said automobile, pinning plaintiff beneath it.

PER CURIAM: The written statements of the plaintiff and Mrs. Simpson, her principal witness, made before action brought, were understandingly made and are in direct contradiction to their testimony and discredit it. The plaintiff evidently has intentionally exaggerated her injuries. The verdict is excessive. Without passing upon the question of the defendant's negligence, in the interests of justice the order and judgment are reversed upon the ground that the damages are excessive, and a new trial granted, with costs to the appellant to abide the event. The appeal from the order denying defendant's motion for a new trial on the ground of newly-discovered evidence falls with the judgment. All concur. Judgment and order reversed upon the ground that the damages are excessive, and new trial granted, with costs to the appellant to abide the event. Appeal from order denying motion for a new trial on the ground of newly-discovered evidence dismissed.